

FILED

AUG 0 5 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN,<br><br>Petitioner,<br><br>vs.<br><br>THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 20-118-BLG-SPW<br><br>ORDER |

This matter comes before the Court on state pro se petitioner Ryan Patrick Sullivan's request for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] As explained herein, the matter will be dismissed.

I.   **28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion

---

[1] The Court is aware that Mr. Sullivan also has a pending prisoner complaint filed under 42 U.S.C. § 1983, in which he raises claims against the State of Montana, the Yellowstone County Detention Facility, and others. See, *Sullivan v. State*, Cause No. CV 20-80-BLG-SPW-TJC (filed June 11, 2020).

1

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Sullivan's claims are unexhausted, his petition will be dismissed without prejudice.

## II. Procedural History/Sullivan's Claims

Sullivan has three criminal matters currently pending in Montana's Thirteenth Judicial District Court, Yellowstone County: DC-18-0321, DC-19-0829, and DC-20-0125. See e.g., (Doc. 1-1.) Apparently in Cause No. DC-18-0321, Sullivan was convicted of Aggravated Assault against M.A.. *Id.* at 1. Based upon a review of the State's response to Sullivan's motion to disqualify the prosecutors in all three cases,[2] M.A. is also the alleged victim in the two more recent matters, Cause Nos. DC-19-0829 and DC-20-0125. *Id.* at 3-4.

It appears that Sullivan initially received a deferred imposition of sentence in Cause No. DC-18-0321. A review of the state court docket indicates a petition to revoke Sullivan's deferred sentence has been filed.[3] A hearing on the petition is

---

[2] This document is attached to Sullivan's petition. See, (Doc. 1-1.)

[3] Proceedings, including orders and filings, in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue. *Tigueros v. Adams*, 658 F.3d

2

currently scheduled for September 8, 2020.[4] In Cause No. DC-19-0829, Sullivan was charged with Tampering with a Witness/Informant, Privacy in Communications, and Stalking. A trial date has been set, but the exact date is unclear from the state court docket.[5] In Cause No. DC-20-0125, Sullivan was charged with Tampering with a Witness/Informant; an August 31, 2020, trial date is scheduled.[6]

In his petition before this Court, Sullivan asserts: (1) the State breached the plea agreement in Cause No. DC-18-032, by charging him in Cause No. DC-20-0125. (Doc. 1 at 2.) Sullivan also claims that "major constitutional rights were violated" entitling him to both postconviction and habeas relief. *Id.* Sullivan contends, at least in relation to DC-18-032, that all state court remedies have been exhausted. *Id.* at 1. In support of his belief, Sullivan references a sentence contained in the State's responsive brief, in which the State opines: "[Sullivan] has exhausted all remedies, some extraordinary, others not, to avoid being held accountable for these offenses." (Doc. 1-1 at 7.)

### III. Analysis

A state prisoner must exhaust his state court remedies before petitioning for

---

983, 987 (9th Cir. 2011). The Clerk of Court will be directed to attach copies of the docket sheets for each of Sullivan's state cases to this order.

[4] See, Case Register Report for DC-18-0321, Doc. Seq. 89.
[5] See, Case Register Report for DC-19-0829, Doc. Seq. 94.
[6] See, Case Register Report for DC-20-0125, Doc. Seq. 23.

a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

4

The Montana Supreme Court has not yet considered the federal constitutional claims Sullivan attempts to advance. As set forth above, Sullivan has two active criminal matters and a revocation proceeding pending in the state district court. And while Sullivan may have sought various methods of review in an effort to present his claims to the district court, a review of the Montana Supreme Court docket indicates Sullivan has not yet attempted to present any of his claims to the state's highest court.[7] Before Sullivan can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Sullivan has not yet exhausted his available state court remedies, this Court may not review his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is **without prejudice**, allowing Sullivan to return to this Court if and when he fully exhausts the claims relative to his current custody.

IV. **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[7] See e.g., Montana Supreme Court Docket: https://appecm.mt.gov/PerceptiveJUDDocket/ (accessed August 4, 2020).

§ 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Sullivan has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Sullivan's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2. The Clerk of Court is directed to enter judgment of dismissal.

3. The Clerk is also directed to file copies of the state court docket sheets for Cause Nos. DC-18-0321, DC-19-0829, and DC-20-0125 into the record in this

matter.

4. A certificate of appealability is DENIED.

DATED this 4th day of August, 2020.

*Susan P. Watters*
Susan P. Watters
United States District Court Judge